IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| DIANE McINTYRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1134-A |
| | § | |
| BEN E. KEITH COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Ben E. Keith Company, for summary judgment. Plaintiff, Diane McIntyre, failed to respond to the motion, which is ripe for ruling.[1] After having considered the motion, the record, the summary judgment evidence, and applicable legal authorities, the court has concluded that defendant's motion should granted.

I.

Plaintiff's Complaint

The following is a summary of plaintiff's alleged claims:

Defendant is a food and beverage distribution company operating in Tarrant County, Texas. Plaintiff, an African

---

[1] Plaintiff has made several attempts to file a response, including two motions for leave to file a late response, to defendant's motion for summary judgment. Each time, the document(s) filed by plaintiff have been unfiled for failure to comply with the requirements of the January 30, 2017 Status Report Order and/or the Local Civil Rules for the United States District Court for the Northern District of Texas. As a result of these unfilings, the record is devoid of any response by plaintiff to defendant's motion for summary judgment.

American woman, worked as a backhaul driver for defendant from June 2014 until March 14, 2016. Plaintiff's claims are brought against defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). She alleged that (1) she was the victim of discrimination by defendant based on her race and gender, (2) she suffered a continued pattern of discriminatory conduct, harassment, and a hostile work environment at the hands of defendant by reason of her race and gender, and (3) defendant retaliated against her in violation of Title VII when it terminated her for questioning its discriminatory policies and procedures

II.

Grounds of the Motion

Defendant succinctly summarizes the grounds of its motion as follows:

> Plaintiff's claims should be dismissed as a matter of law because Plaintiff cannot prove her prima face [sic] case of gender and race discrimination under Title VII. Plaintiff cannot produce evidence that she was treated less favorably than similarly situated employees outside of her gender and race. BEK is also entitled to summary judgment on Plaintiff's hostile work environment claims based on her gender and race because Plaintiff has no evidence that she was subjected to any unwelcome harassment based on her gender or race, let alone that such alleged harassment affected a term, condition, or privilege of her employment. Finally, Plaintiff cannot satisfy the elements of her retaliation claim because she has no evidence that she engaged in any activity protected under Title VII and, even assuming she engaged in such

2

protected activity, Plaintiff has no evidence to
support a causal connection between her termination and
such activity. However, even if the Court were to
assume that Plaintiff met her prima facie burden (which
she cannot), BEK has articulated a legitimate, non-
discriminatory reason for its decision (i.e. that
Plaintiff was insubordinate and did not follow company
policy).

To avoid summary judgment, Plaintiff must
introduce substantial evidence showing that BEK's
proffered reason was false and pretext for
discrimination. Plaintiff cannot meet her burden for
one simple reason: there is no evidence that BEK
considered Plaintiff's race, gender, or engagement in
any protected activity in its decision to terminate her
employment. Under these circumstances, Plaintiff cannot
meet her ultimate burden of proof, and her claims
should be dismissed as a matter of law.

Doc. 14 at 16.[2]

### III.

### Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).

---

[2]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:16-CV-1134-A.

The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en

banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Analysis

A. Plaintiff's Gender and Race Discrimination Claims

Title VII makes it unlawful for employers "to fail or refuse to hire or to discharge any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race [or] sex[.]" 42 U.S.C. § 2000(e)-2(a). When there is no direct evidence supporting a Title VII discrimination claim, a violation of Title VII may be proved using circumstantial evidence. Nasti v. CIBA Specialty Chems. Corp., 492 F.3d 589, 593 (5th Cir. 2007). In such cases, the court evaluates discrimination claims under the same general burden-shifting framework originally set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). This framework first requires plaintiff to make a prima facie showing of discrimination. Id. This burden is merely one of production, not persuasion.

Because plaintiff has offered no direct evidence of gender or racial discrimination, she must make a prima facie discrimination case by showing that she: (1) is a member of a

5

protected class; (2) was qualified for the position; (3) was the subject of an adverse employment action; and (4) was treated less favorably than other similarly situated employees outside of her class. Id.

Defendant does not dispute that plaintiff has satisfied the first three elements of her prima facie case of race and gender discrimination. However, defendant maintains, and the court agrees, that plaintiff has not adduced evidence in support of the fourth element, which requires her to show that similarly situated individuals outside of her protected class were treated more favorably.

To satisfy the "similarly situated" requirement, the circumstances of the plaintiff and her comparator must be more than similar, they must be "nearly identical." Berquist v. Washington Mut. Bank, 500 F.3d 344, 353 (5th Cir. 2007). The "alleged comparator employees [must have been] similarly situated from the perspective of their employer at the time of the relevant employment decisions[.]" Perez v. Texas Dep't of Criminal Justice, 395 F.3d 206, 210 (5th Cir. 2004). There is no evidence of the required similarity.

There is no direct evidence in the summary judgment record of race or gender discrimination, nor is there evidence raising a prima facie case. Plaintiff has pointed to no probative evidence

6

that someone outside her protected class--based on either race or gender--was treated differently than her in a similar situation. Her pleaded allegations that (1) she was the only employee in her division who was regularly required to work more than fifty-five hours, (2) she was treated differently in terms of discipline and deductions in pay, and (3) her employer "consistently applied an employment policy in a manner detrimental to [her] due to [her] race," see Doc. 7 at 2-4, 6, find no support in the summary judgment record.

Because plaintiff has not presented evidence to create a prima facie case, summary judgment on her gender and race discrimination claims is proper.

B. Hostile Work Environment and Harassment Claims

To establish a hostile work environment claim, an employee must prove that:

> "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on [a protected characteristic]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action."

Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002). Plaintiff alleged that she was the victim of harassment based on both her gender and her race, and that such harassment rose to

7

the level of creating a hostile work environment. She alleged that Randy King, her manager, required her to work more hours and meet higher performance standards than what was required of her coworkers. However, this bare assertion alone cannot support a hostile work environment or harassment claim.

Moreover, plaintiff must adduce evidence that the harassment she claims she suffered was "sufficiently severe or pervasive to alter conditions of [her] employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17 at 21 (1993), quoting, Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986); Aryain v. Wal-Mart Stores Tex. LP, 534 F.3d 473, 479 (5th Cir. 2008). The challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so. Harvill v. Westward Commc'ns, L.L.C., 433 F.3d 428, 434 (5th Cir. 2005).

In determining whether a hostile work environment exists, the court considers the totality of the circumstances, including (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with an employee's work performance. Harris, 510 U.S. at 23 (1993). Rude behavior and

unwarranted comments, especially when alleged in a conclusory fashion, do not alter a term, condition, or privilege of employment. LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 394 (5th Cir. 2007).

Nothing in the summary judgment record suggests that any conduct of which plaintiff complains rises to the level of harassment or of creating a hostile work environment, nor has plaintiff pointed to evidence suggesting that defendant did anything based on plaintiff's race or gender. Nor is there any summary judgment evidence that any of such conduct altered a term, condition, or privilege of her employment. For the foregoing reasons, the court agrees with defendant that summary judgment on these harassment and hostile work environment claims is proper.

C. Retaliation

Title VII prohibits an employer from discriminating against employees for asserting rights protected under that statute. See 42 U.S.C. § 2000e-3(a). This includes discriminating against employees who participate in a Title VII proceeding or investigation, or who challenge any action made unlawful by Title VII. Id. Absent direct evidence of retaliation, as is the case here, claims for retaliation under Title VII are analyzed using

9

the same burden-shifting analysis set forth above. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000)

To make a prima facie case of Title VII retaliation, an employee must show: (1) she engaged in a protected activity; (2) the employer took a materially adverse employment action against her; and (3) some causal link exists between her protected activity and the adverse action taken against her. Wheat v. Fla. Parish Juvenile Justice Comm'n, 811 F.3d 702, 705 (5th Cir. 2016). If a prima facie case of retaliation is made, "the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision. After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation." LeMaire, 480 F.3d at 388-89.

Even if the court were to assume that plaintiff engaged in some protected activity, plaintiff still must, in making her prima facie showing, point to evidence of a causal connection between her engagement in such activity and her termination. Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2534 (2013) (explaining that to satisfy the "causal link" requirement, the employee "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer."). Plaintiff has not done so. Moreover, if a prima

facie showing had been made, plaintiff has pointed to no evidence that the legitimate, non-discriminatory reason for defendant's decision to terminate plaintiff's employment was merely pretext for discrimination. Therefore, summary judgment is proper as to plaintiff's retaliation claim.

V.

Order

For the reasons given above,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed with prejudice.

SIGNED October 13, 2017.

_____
JOHN MCBRYDE
United States District Judge